IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| DMITRY PRONIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:19-cv-0594-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SHERIFF J. AL CANNON, JR.; M. MARSILLO; T.M. EVANS; THEODOLPH JACOBS; SHAUNESSY; LATTIMORE; J. KATHY BOWEN; GERALD M. AUERBACH; TERRY L. JACKSON; and MAZATTI; | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on United States Magistrate Judge Kaymani D. West's report and recommendation ("R&R"), ECF No. 139, that the court grant defendants Theodolph Jacobs, Lattimore, M. Marsillo, and J. Kathy Bowen's (collectively, the "Medical Defendants") motion to dismiss, ECF No. 77, and defendants Sheriff J. Al Cannon, Jr., T.M. Evans, Terry L. Jackson, Shaunessy, and Mazatti's (collectively, the "Detention Center Defendants") motion to dismiss, ECF No. 120. The R&R further recommends that the court find as moot plaintiff Dmitry Pronin's ("Pronin") pending motions, ECF Nos. 95, 107, 111, 112, 115, and 135. Pronin filed objections to the R&R. ECF No. 146. For the reasons set forth below, the court adopts the R&R, grants the motions to dismiss, finds as moot Pronin's pending motions, and dismisses the action.

1

## I.  BACKGROUND

Pronin, an inmate[1] proceeding pro se, brings this action seeking vindication of her constitutional rights.[2] The R&R ably recites the facts, and Pronin does not object to the R&R's presentation thereof. As such, the court only briefly summarizes the facts relevant to Pronin's objections. According to the complaint, Pronin's rights were violated on three separate occasions. The first took place in June 2019. Pronin alleges that on June 25, 2019, a nurse named "Morse" (who is not a party to this action) informed Pronin that the medication she takes for epilepsy had expired and needed to be refilled. According to the complaint, Morse told Pronin that Morse would enter a request for a refill of the medication and that defendants M. Marsillo ("Marsillo"), J. Kathy Bowen ("Bowen"), and Lattimore would fulfill the request. However, Pronin claims that she did not receive her medication on the next day, June 26, 2019. Pronin further alleges that defendants T.M. Evans ("Evans") and Shaunessy failed to give Pronin her recreation time on that day, meaning that she could not personally submit another request for her medication. On June 27, 2019, Pronin claims that she again failed to receive her requested medication. That morning, Pronin claims to have submitted another request at a computer kiosk, to which Marsillo responded, informing Pronin that the request was a duplicate. Later that day, she alleges, Pronin suffered an epileptic seizure in her cell.

---

[1] Pronin's claims arise from her time at the Sheriff Al Cannon Detention Center in North Charleston, South Carolina, where she was held as a federal detainee on charges of federal bank robbery. Pronin is no longer in the custody of the state of South Carolina or the federal government. Instead, Pronin now resides at Jessup Correctional Institution in Jessup, Maryland, where she is serving a state sentence after pleading guilty to murdering her mother.

[2] In her objections, Pronin states that she "is a transgender female currently in transition" and indicates that she prefers feminine pronouns. ECF No. 146 at 1.

Although she "cannot claim [an] outward physical injury" as a result, Pronin avers that the experience caused trauma. ECF No. 44 at 11.

Pronin also alleges a second instance in which her constitutional rights were violated. According to the complaint, on September 4, 2019, defendants Terry L. Jackson ("Jackson") and Mazatti searched Pronin's cell, located paperwork pertaining to a post-conviction relief motion, and threw the paperwork away. With respect to the third and final instance, the complaint alleges that on December 14, 2019, Bowen and Theodolph Jacobs ("Jacobs") refused to treat Pronin's back pain after she allegedly slipped and fell. Pronin alleges that she only received ibuprofen as treatment, despite her need for prescription-strength medication and further treatment. Based on these incidents, Pronin filed the instant action on February 28, 2019. From the amended complaint, which is now the operative complaint, the R&R discerned the following three federal causes of action[3]: (1) a claim under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need in violation of the Eighth Amendment, (2) a § 1983 claim for violation of Pronin's equal protection rights, and (3) a § 1983 claim for deprivation of access to the courts. ECF No. 44. On March 13, 2020, the Medical Defendants filed a motion to dismiss. ECF No. 77. On June 24, 2020, the Detention Center Defendants filed a motion to dismiss. ECF No. 120. Throughout this lawsuit, Pronin has filed a slew of procedurally based motions. ECF Nos. 95, 107, 111, 112, 115, and 135. After the motions to dismiss became fully ripe, the Magistrate Judge issued an R&R recommending that the court grant the motions to dismiss and find as moot Pronin's

---

[3] It is difficult to categorize the allegations in the complaint into distinct claims. Pronin does not object to the Magistrate Judge's characterization of her claims as listed here. Finding it a fair characterization, the court adopts it.

pending motions. ECF No. 139. Pronin filed objections to the R&R. ECF No. 146. The Medical Defendants and the Detention Center Defendants both responded to the objections, ECF Nos. 148 and 149, to which Pronin replied, ECF No. 152. As such, this matter has been fully briefed and is ripe for the court's review.

## II.  STANDARD

### A. Pro Se Litigant

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

### B. R&R

The Magistrate Judge only makes a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270–71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the

magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### C. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) "test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In considering such a motion, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### III.   DISCUSSION

Pronin lodges ten objections to the R&R.  The court addresses each objection in turn and, finding each without merit, adopts the R&R in full.

### A.  Objection 1: Deliberate Indifference – Medical Defendants

First, Pronin objects to the Magistrate Judge's recommendation that the court dismiss her claim for deliberate indifference against the Medical Defendants with respect to the June 2019 incident.  Before analyzing Pronin's first objection, the court finds useful a summary of the R&R's findings on that front.  The Magistrate Judge found that Pronin's deliberate indifference claim against the Medical Defendants fails for two reasons.  First, Pronin "failed to allege [that] these Defendants ignored h[er] serious need for medical care."  ECF No. 139 at 10.  The R&R explained that the complaint merely alleges that the Medical Defendants delayed refilling Pronin's medication by two days.  While this allegation would be sufficient to support a claim of negligence, the R&R concluded, it is insufficient to support of claim of deliberate indifference, which requires allegations that the defendants "recklessly disregard[ed]" a "substantial risk of serious harm."  Farmer v. Brennan, 511 U.S. 825, 836 (1994).  Indeed, the law comports with the R&R's conclusion.  See Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."); see also Blackwell v. Webb, 2014 WL 2916475, at *7 (D. Md. June 25, 2014) ("Even assuming Plaintiff bore no responsibility for the delay in providing him medication, the allegations contained herein are nothing more than negligence: the medical providers were not deliberately indifferent to Plaintiffs medical needs, but rather

erred in processing his request and/or in realizing that the medication was on the medication cart.").

An alternative and equally fatal ground warranting dismissal, the R&R also found that Pronin, according to her own allegations, "suffered no injury aside from the seizure itself." ECF No. 139 at 11. The R&R explained that Pronin's complaint contains only a general allegation of trauma and specifically states that she "cannot claim [an] outward injury" from the alleged seizure. Id. at 4 (quoting ECF No. 44 at 11.) Again, the R&R is in lockstep with the law. The Fourth Circuit has held that a delay in providing medical treatment amounts to an Eighth Amendment violation only "if the delay results in some substantial harm to the patient." Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008). "Delay-related harm can be demonstrated through evidence that the delay exacerbated the inmate's injury or prolonged his pain," Manzur v. Daney, 2017 WL 930125, at *4 (D. Md. Mar. 9, 2017) (quotation marks and alterations omitted), or where it causes "a life-long handicap or permanent loss," Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Pronin's first objection contains several loosely related arguments. In the first, Pronin contends that epilepsy "is a serious medical need." ECF No. 146 at 1. Of course, Pronin is correct that epilepsy can present a "serious medical need." See Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985). But her argument is beside the point. The R&R's recommendation is not based upon whether Pronin's medical need was sufficiently serious; instead, the R&R recommends dismissal based upon the complaint's failure to state that the Medical Defendants acted with reckless disregard and failure to

sufficiently allege that Pronin experienced substantial harm. Therefore, Pronin's first argument fails to point the court to an error in the R&R.

Next, Pronin takes issue with the R&R's finding that the complaint fails to sufficiently allege deliberate indifference against the Medical Defendants. As Pronin correctly points out, a deliberate indifference claim requires a plaintiff to plead that a defendant had knowledge of a substantial risk to the plaintiff's health and nevertheless recklessly disregarded it. In her objection, Pronin argues that she did just that. There are two problems with this argument. First, Pronin fails to allege that the Medical Defendants had any knowledge of her first request for a prescription refill. The complaint alleges that only Morse, a nonparty, received Pronin's request for a refill on June 25th. Nowhere does the complaint allege that any of the Medical Defendants had knowledge of the request.[4] The complaint does include an allegation that Marsillo received Pronin's second request on June 27th, the day of Pronin's alleged seizure. But Marsillo's failure to fill a prescription on the day he or she received the request, even if true, does not constitute deliberate indifference, i.e., a reckless disregard of a substantial risk of harm, as a matter of law. See Young, 238 F.3d at 575 ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."); see also Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) ("[A] constitutional violation does not occur unless the medical provider's actions were 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"). In her objection, Pronin now argues that the Medical Defendants had knowledge of her

---

[4] Pronin also argues that the Magistrate Judge "mischaracterized" Pronin's allegations concerning the Medical Defendants' knowledge. This argument is without merit.

request as early as June 25th, but the amended complaint contains no such allegations, meaning that the court cannot consider them on a motion to dismiss. Edwards, 178 F.3d at 243 (A Rule 12(b)(6) motion "tests the sufficiency of a complaint."). And finally, none of the arguments in Pronin's first objection address the Magistrate Judge's alternative ground for dismissal, which, as the court discusses below, Pronin cannot overcome.

### B. Objection 2: Deliberate Indifference – Detention Center Defendants

Second, Pronin objects to the R&R's finding that she fails to state a prima facie case of deliberate indifference with respect to the Detention Center Defendants. The R&R found that the complaint fails to allege that the Detention Center Defendants had knowledge of Pronin's serious medical need; instead, it merely alleges that the Detention Center Defendants failed to provide Pronin with her allotted recreation time on June 26th. In her second objection, Pronin argues that the Detention Center Defendants failure to give her recreation time on June 26th is "just one [instance] in the whole pattern or system . . . ." ECF No. 146 at 4. Again, Pronin's argument is beside the point. The R&R found that Pronin fails to sufficiently allege the Detention Center Defendants' knowledge of her serious medical need; that finding is unaffected by the amount of times the Detention Center defendants allegedly failed to give Pronin recreation time.[5]

### C. Objection 3: Equal Protection – Detention Center Defendants

Pronin's third objection concerns her equal protection claim. The R&R recommends dismissal of the claim because Pronin's "case does not involve a

---

[5] Within her second objection, Pronin also includes an argument concerning her equal protection claim. The court discusses that argument in the following section, which concerns that claim.

fundamental right," and Pronin fails to allege "that [s]he is a member of a suspect class." ECF No. 139 at 12.[6] Pronin objects, arguing that, even if she is not a member of a suspect group, she was "singled out as an individual for 'arbitrary and irrational treatment[.]" ECF No. 146 at 5 (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). The court disagrees. A prisoner asserting an equal protection claim "must [ ] demonstrate that [s]he has been treated differently from others with whom [s]he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). With respect to her equal protection claim, Pronin alleges that the Detention Center Defendants denied her recreation time on one occasion. ECF No. 44 at 10 ("[O]fficers T.M. Evans [and] Shaunessy . . . never let [Pronin] out for recreation that day . . . ."). Pronin's lone allegation fails to meet Veney's high bar. As such, the court agrees with the R&R that Pronin's equal protection claim fails to to allege "intentional and arbitrary discrimination." Pronin's remaining arguments within her third objection fail to point the court to a specific error in the R&R. Finding no clear error in the R&R's recommendation to dismiss Pronin's equal protection claim, the court adopts it.

### D. Objection 4: Fifth Amendment Violation – Detention Center Defendants

Next, Pronin argues that the R&R fails to acknowledge that her complaint sufficiently alleges a violation of her due process rights. Pronin explains that the

---

[6] Pronin has indicated that she is transgender. To be sure, in the Fourth Circuit, "transgender persons constitute a quasi-suspect class." Grimm v. Gloucester Cty. Sch. Bd., 972 F.3d 586, 611 (4th Cir. 2020), as amended (Aug. 28, 2020). Here, however, Pronin does not allege in her complaint, nor does she argue in her objections, that she was discriminated against on the basis of her gender identity. As such, the court need not engage with suspect class analysis.

Detention Center Defendants failed to let her out of her cell on June 26th, despite state regulations requiring that inmates receive three hours of recreation time per day. While "prisoners do not shed all constitutional rights at the prison gate," an inmate's constitutionally guaranteed liberty interest is violated only where the means by which he or she was restrained imposes "atypical and significant hardship [ ] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Pronin's allegation that she was restrained in her cell for one day does not sufficiently state an atypical and significant hardship and thus does not rise to the level of a due process violation. And South Carolina regulations have no effect on the constitutionality of a means of restraint. As such, the court overrules Pronin's fourth objection.

### E. Objection 5: Substantial Harm – Medical Defendants

Pronin also objects to the R&R's conclusion that Pronin fails to allege a sufficiently substantial harm for her deliberate indifference claim. As discussed above, the R&R found that Pronin fails to allege a "substantial harm," based on Pronin's concession that she "cannot claim [an] outward injury" from the alleged seizure. Id. at 4 (quoting ECF No. 44 at 11). Pronin now claims, without legal support, that her seizure constitutes "per se" substantial harm. The court disagrees. Courts have found substantial harm in "a life-long handicap or permanent loss," an "unnecessary and wanton infliction of pain," or an exacerbation of an existing injury. Monmouth Cty., 834 F.2d at 347; Manzur, 2017 WL 930125, at *4. The court agrees with the R&R's conclusion that Pronin's bare allegation of trauma, unaccompanied by claims of physical pain, exacerbation of her condition, or specific injury, do not sufficiently allege substantial harm.

### F. Objection 6: Additional Evidence

Pronin's sixth objection asks the court to consider new evidence that expounds upon the allegations in her amended complaint. But as the court has already explained, defendants' motions to dismiss test only "the sufficiency of the complaint." Edwards, 178 F.3d at 243. In resolving the instant motions, the court is limited to considering Pronin's complaint. Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) ("Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'"). Therefore, the court overrules Pronin's sixth objection.

### G. Objection 7: Access to the Courts – Detention Center Defendants

Next, Pronin objects to the R&R's recommendation that the court dismiss her claim for denial of meaningful access to the courts. The R&R found that Pronin's claim lacks specificity in that she "pled no particulars as to the contents of [the allegedly stolen] papers or of the contemplated or existing legal action to which they were vital." ECF No. 139 at 15. Pronin objects, arguing that her allegations are sufficiently specific. The court agrees with the R&R. The complaint contains two allegations concerning Pronin's access-to-courts claim. First, it states, "Mazatti and T.L. Jackson, on September 4th, 2019, searched Pronin's cell and threw out Pronin's legal paperwork pertaining to h[er] state post-conviction." ECF No. 44 at 7. Later in the complaint, Pronin reiterates the same allegation: "Mazzati and Terry L. Jackson [ ] on September 4, 2019, while Plaintiff was housed in A3L Unit, searched [Pronin's] cell and threw out Pronin's (state of

Maryland) post-conviction petition[.]" Id. at 13. These naked allegations fall short of stating a proper access-to-courts claim.

When an inmate alleges that his or her right of access to the courts was infringed, "[s]pecificity is necessary" in his or her allegations. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). This heightened standard requires a prisoner to plead with specificity both the nature of the documents taken and the injury resulting from the loss of those papers. Id. "[V]ague and conclusory allegation[s]" will not do. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). As the R&R noted, Pronin's allegations that "post-conviction" documents were "thr[own] out" includes no specific details as to the nature of the documents or the specific injury defendants allegedly inflicted.[7] Moreover, the Fourth Circuit has expressed skepticism with respect to access-to-the-court claims from "inveterate litigator[s]." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Pronin more than fits the description. In Cochran, the Fourth Circuit commented that a frequent filer's access-to-the-court claim "must have struck [the District Court Judge] as absurd." Id. Pronin's claim strikes a similar chord with this court. As such,

---

[7] Pronin has made eerily similar allegations against different detention center employees in the past. See Pronin v. Jonhson, 5:12-cv-3416-DCN (2012). In that case, the Fourth Circuit found that Pronin's access-to-the-courts claim depended on genuine issues of material fact, necessitating a trial. Pronin v. Johnson, 628 F. App'x 160 (4th Cir. 2015). There, the Fourth Circuit found that Pronin alleged a sufficiently specific injury because she described in detail the documents at issue and explained the ways in which they pertained to a then-pending post-conviction motion, which was properly before the District Court of Delaware. Id. at 162–63. Pronin's complaint here does not include any similarly specific allegations, and Pronin fails to indicate with any specificity the motion she intended to file, where she intended to file it, or whether that motion would be procedurally valid. Indeed, the Fourth Circuit in Pronin v. Johnson stated, "To show injury, the plaintiff must show that he lost or will lose the opportunity to pursue a 'nonfrivolous' and 'arguable' claim." 628 F. App'x at 162. Pronin had done so there but has failed to do the same here.

the court overrules Pronin's seventh objection and adopts the R&R's recommendation to dismiss her access-to-the-courts claim.

### H. Objection 8: Other Allegations

After recommending that the court dismiss Pronin's federal claims, the R&R states:

> If the court accepts this Report and Recommendation, the only claims within the court's original jurisdiction will be dismissed. Without Plaintiff's § 1983 claims, Plaintiff's sole remaining causes of action are based on the court's supplemental jurisdiction. Section 1367(c)(3) of Title 28 of the United States Code provides that the district courts "may decline to exercise supplemental jurisdiction [ ] if the district court has dismissed all claims over which it has original jurisdiction[.]"
>
> [ . . . ]
>
> Here, the undersigned recommends the court decline to exercise supplemental jurisdiction over Plaintiff's purported state-law claims and dismiss those claims without prejudice . . . , thus ending this action.

ECF No. 139 at 15–16. In his eighth objection, Pronin fails to claim error but instead ponders, "[W]hat happens if the Hon. Court does not follow [the Magistrate Judge]'s advice?" ECF No. 146 at 11. Because Pronin gives the court no reason to stray from the recommendation, we will never know for sure. The court adopts the R&R's recommendation to decline jurisdiction over Pronin's state law claims.

### I. Objection 9: Motion for a More Definite Statement

Pronin's ninth objection asks the court to construe the motions to dismiss as motions for more definite statements under Fed. R. Civ. P. 12(e). As discussed at length, though, defendants' motions to dismiss are based upon Pronin's failure to state a claim, not the indefiniteness of her pleading. Thus, the court declines Pronin's request and overrules the objection.

14

### J. Objection 10: Qualified Immunity

Pronin's final objection concerns the defense of qualified immunity. On that front, the R&R stated,

> [T]he undersigned found that Plaintiff failed to allege facts sufficient to claim that Defendants violated any of h[er] clearly established constitutional or statutory rights. Therefore, as the Fourth Circuit Court of Appeals found in Young v. City of Mount Rainier, [238 F.3d 567, 577 (4th Cir. 2001),] there is no need to consider the question of qualified immunity.

ECF No. 139 at 18. Dismissing Pronin's claims on other grounds, the court likewise does not need to consider the issue of qualified immunity. Pronin's final objection, therefore, is overruled.

The R&R made several other findings that failed to garner specific objection. The court has reviewed those findings for clear error and, finding none, adopts them.[8] Having found each of Pronin's objections without merit, the court adopts the R&R in full, grants the motions to dismiss, finds as moot Pronin's pending motions, and dismisses the case.[9]

---

[8] The R&R recommends that the court deny defendants' request "to consider this action as a strike pursuant to 28 U.S.C. § 1915(g)." ECF No. 139 at 18. This recommendation did not garner objection; therefore, the court adopts it.

[9] Because it declines to exercise jurisdiction over them, the court dismisses Pronin's state law claims without prejudice.

## IV.  CONCLUSION

For the foregoing reasons the court **GRANTS** ECF Nos. 77 and 120, **FINDS AS MOOT** ECF Nos. 95, 107, 111, 112, 115, and 135, and **DISMISSES** the action.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 15, 2021**
**Charleston, South Carolina**